Nathaniel Clark (SBN 276621)
nathaniel.h.clark@gmail.com
Seaton Tsai (SBN 271408)
seaton.tsai@gmail.com
1000 Wilshire Blvd. # 1750
Los Angeles, California 90017
(626) 673-5180 Telephone
(213) 629-2725 Facsimile

*Attorneys for Plaintiff Greg Jensen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG JENSEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GREAT DESTINATIONS, INC., and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**DEMAND: $6,000.00**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Greg Jensen, ("Plaintiff") alleges the following upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Great Destinations, Inc. ("Defendant") in negligently, knowingly, willfully, and/or intentionally effectuating or causing another entity to place

telemarketing and solicitation to Plaintiff's residential telephone line without maintain procedures for complying with the Do Not Call list and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). (*See,* 47 C.F.R. § 64.1200(c)-(d).)

2. Additionally, Defendant negligently, knowingly, willfully, and/or intentionally caused an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal statutory rights, and invading his right to privacy, without his express written, implied, and/or oral consent.

## JURISDICTION

3. This Court has federal question and supplemental jurisdiction because this case arises out of violations of the TCPA upon Plaintiff.

4. Venue is proper because Plaintiff currently, and at the time of the violation, resides and was present in this judicial district, in which Defendant Great Destinations, Inc., also conducts business.

## PARTIES

5. Plaintiff Greg Jensen is a natural person residing in San Bernardino County in the State of California and is a "person" under the meaning of 47 U.S.C. § 153(10).

6. Defendant Great Destinations, Inc., is a Nevada corporation that conducts business in the State of California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

8. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for

1  the allegations and damages alleged herein. Plaintiff will seek leave to
2  amend the Complaint to reflect the true names and capacities of the DOE
3  defendants when such identities become known.

## FACTUAL ALLEGATIONS

9. In August of 2014, Defendants negligently, knowingly, willfully, and/or intentionally caused an autodialer to dial Plaintiff's cellular phone number ending in digits 0089 and negligently, knowingly, willfully, and/or intentionally used a pre-recorded voice message in the inception of the same phone calls.

10. At all times, Defendants failed to implement procedures to ensure compliance with not calling consumers who have registered their number on the National Do Not Call registry.

11. All all relevant times, Plaintiff's cellular phone number ending in digits 0089 was registered on the National Do Not Call registry.

12. Defendants caused an autodialer to dial Plaintiff's cellular phone on or about August 8, 2014, and twice within the same minute on August 26, 2014.

13. Defendants used the phone number 909-271-1875 and an Unknown Number to place the phone calls to Plaintiff's cellular phone. These phone numbers are either within Defendants control, and or used to conduct autodialed calls with prerecorded voice messages with Defendants' knowledge or constructive knowledge.

14. Defendants called Plaintiff's cellular phone despite knowing that Defendants did not have Plaintiff's express or implied consent to receive a phone call from Defendants.

15. Plaintiff never, either implicitly or expressly, in writing or orally, consented to be contacted on his cellular phone by an autodialer using a pre-recorded voice message.

16. Plaintiff never shared a business relationship with Defendants under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that absolved Defendants from violating the TCPA.

17. Each and every phone call initiated by or on behalf of Defendants to Plaintiff were telemarketing and solicitation calls under the meaning of the TCPA.

18. The purpose of Defendants' calls were to attempt to sell Plaintiff various vacation packages and were motivated by Defendants' pecuniary interests and solicited purchases and expenditure of Plaintiff's time.

19. Defendants continued to call Plaintiff despite his request not to be contacted.

20. Defendants negligently, knowingly and intentionally failed to create a legitimate "opt-out" system to prevent future calls to Plaintiff and entirely failed to implement procedures for compliance with the TCPA as required by 47 C.F.R. § 64.1200(c)-(d).

21. Defendants negligently, knowingly and intentionally continue to call consumers even when Defendants should or do know they are contacting consumers who do not wish to be contacted.

22. Plaintiff never agreed to be contacted by Defendants with an autodialer or pre-recorded voice message.

23. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

## FIRST CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-23.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 *et seq.* cited herein.

26. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

> "Restrictions on use of automated telephone equipment
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > > . . .
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);
> (47 U.S.C.A. § 227(b).)

27. Defendants further violated the TCPA by effectuating telemarketing calls to Plaintiff's "residential telephone" under the meaning of 47 C.F.R. § 64.1200(c)-(d).

28. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy

for compliance and do not properly train their personnel. 47 C.F.R. § 64.1200(d).

29. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION

### Invasion of Privacy – California Constitution Sec. 1, Art. 1

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-29.

31. Defendants conduct violated Article 1, Section 1 of the California Constitution providing that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

## PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

## ALL CAUSES OF ACTION

I. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to and request $500 in statutory damages per violation, or $1500 in statutory damages per violation within the discretion of the Court if the violations were at least willful or knowingly committed;

II. For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

III. For actual damages according to proof;

IV. For costs;

|   |   |   |
|---|---|---|
| V. | For attorney's fees as available by law or equity; | |
| VI. | And for any other relief that the Court deems just. | |

September 30, 2014                              By      */s/Nathaniel Clark*
                                                                Nathaniel Clark, Esq.
                                                                Seaton Tsai, Esq.
                                                                *Attorney for Plaintiff Greg Jensen*